IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOYCE STEPP LATHROP and
ROBERT D. LATHROP,

Plaintiffs,

vs.                                              CASE NO. 3:08-cv-212/RS/MD

DILLARD'S, INC.,

Defendant.
_____/

## ORDER

Before me is Defendant's Motion to Dismiss Robert D. Lathrop's Complaint (Doc. 37) and Plaintiff's Memorandum in Opposition (Doc. 40).

### I. Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008); *Christopher v. Harbury,* 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).  To satisfy the pleading requirements of Federal Rule of Civil

Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A .,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citing Fed. R. Civ. P. 8). *See also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citations omitted); *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. *Id.* Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1009-10 (11th Cir.1992).

## II. Background

Plaintiff Joyce Lathrop filed her initial complaint on March 24, 2008 (Doc. 1-4). In her complaint, Mrs. Lathrop claims that on October 7, 2004, she was injured while in the Santa Rosa Mall Dillard's. On November 13, 2008, Mrs. Lathrop filed a Motion to Amend her complaint (Doc. 33), that I granted the same day (Doc. 35). The first Amended Complaint (Doc. 34) was also filed on November 13, 2008. The sole amendment to the complaint was the addition of a consortium claim by her husband, Robert Lathrop. Defendant seeks dismissal of plaintiff Robert Lathrop's loss of consortium claim, asserting that the claim is barred by the statute of limitations because it does not relate back to the date of the initial complaint.

The Amended Complaint alleges that plaintiff Joyce Lathrop suffered injuries in a slip and fall accident at Dillard's in October 2004. Plaintiff Robert Lathrop is the spouse of Joyce Lathrop and "has suffered the loss of society, comfort, and companionship of his wife." (Doc. 34, ¶ 12). The applicable statute of limitations for a claim of loss of consortium in this case is four years, Fla. Stat. § 95.11(3) (2008).

## III. Application of Procedural Law

Generally, in a diversity case, a district court applies federal procedural law and state substantive law. *Esfeld v. Costa Crociere, S.P.A.,* 289 F.3d 1300, 1306

(11th Cir.2002). In 2001, the Eleventh Circuit Court of Appeals held that "Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." *Saxton v. ACF Indus.,* 254 F.3d 959, 963 (11th Cir.2001) (citation omitted). The state's relation-back rules are only applied if more liberal than the federal rule. *See* Fed. R. Civ. P. 15 advisory committee's note. I will consider both the federal and state relation-back rules.

Florida Rule of Civil Procedure 1.190(c) provides that "[w]hen the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment shall relate back to the date of the original pleading." The addition of a new party is not addressed by the Rule, but "[g]enerally, the addition of a new party to an action will not relate back to the original complaint." *Schwartz By & Through Schwartz v. Wilt Chamberlain's, Ltd.,* 725 So.2d 451, 453 (Fla. 4th DCA 1999). An exception is when "it can be said that the new and former parties have an identity of interest so as to not prejudice the opponent by the addition." *City of Miami v. Cisneros,* 662 So.2d 1272, 1274 (Fla. 3d DCA 1995). *See also Williams v. Avery Dev. Company-Boca Raton,* 910 So.2d 851, 853 (Fla. 4th DCA 2005); *Schwartz,* 725 So.2d at 453.

The federal rule, like the Florida rule, provides that an amendment relates back to the original pleading when "the claim or defense asserted in the amended

pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Although not explicitly addressed by Rule 15(c)(3), a plaintiff may seek to add an additional plaintiff, but faces a more stringent rule than section (c)(2). *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131-32 (11th Cir.2004). Under Federal Rule of Civil Procedure 15(c)(3), a plaintiff's amended complaint will relate back to the original complaint if: (1) Section (c)(2) is satisfied; (2) defendant(s) will not be unfairly prejudiced; and (3) if defendant knew or should have known that it would be called upon to defend against claims asserted by the newly-added plaintiff. *Cliff,* 363 F.3d at 1132. Thus, Rule 15(c)(3) requires consideration of both prejudice and notice when adding a party. *Id.* at 1131.

In this case, Robert Lathrop's loss of consortium claim arose from the same set of facts as his wife's claims in the original pleading since the claim is "founded on the relationship between a husband and a wife." *Bombalier v. Lifemark Hosp. of Fla.,* 661 So.2d 849, 852 (Fla. 3d DCA 1995) (citation omitted). The amendment adding Robert Lathrop occurred in a timely manner and arose from his relationship with Joyce Lathrop. Since the claim stems from his relationship with Joyce Lathrop, defendants were on notice of the potential claim of the spouse. Defendant would not now be prejudiced by the addition of Robert Lathrop or his consortium

claim because the discovery deadline can be extended if necessary.  *See Hughes v. Am. Tripoli, Inc.*, 2007 WL 2010786, *3 (M.D. Fla. 2007).

## IV. Conclusion

Because I find that Defendant Robert Lathrop's loss of consortium claim relates back to the original pleading, filed on March 24, 2008, the loss of consortium claim is timely. Defendant's Motion to Dismiss (Doc. 37) is DENIED.

**ORDERED** on December 4, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**